Amy F. Sorenson (NV Bar No. 12495)
Richard C. Gordon (NV Bar No. 9036)
Holly E. Cheong (NV Bar No. 11936)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200; Fax: (702) 784-5252
asorenson@swlaw.com; rgordon@swlaw.com; hcheong@swlaw.com
*Attorneys for Defendant Wells Fargo Bank, N.A. and Defendant/Counterclaimant Federal National Mortgage Association*

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: (775) 788-2228 Fax: (775) 788-2229
lhart@fclaw.com; jtennert@fclaw.com

Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
ARNOLD & PORTER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000   Fax: (202) 942-5999
asim.varma@aporter.com; howard.cayne@aporter.com; michael.johnson@aporter.com
*Attorneys for Intervenor Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THUNDER PROPERTIES, INC, <br> Plaintiff, <br> vs. <br> KATHLEEN J. TREADWAY; WELLS FARGO BANK, N.A; FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br> Defendants. <br> and <br> FEDERAL HOUSING FINANCE AGENCY, <br> Intervenor. | CASE NO. 3:15-cv-00141-MMD-VPC <br><br> **FHFA AND FANNIE MAE'S MOTION FOR SUMMARY JUDGMENT** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOUSING FINANCE AGENCY, <br> Counter-claimants, <br> v. <br> WILLIAMSBURG TOWNEHOMES HOMEOWNERS ASSOCIATION; and THUNDER PROPERTIES, INC, <br> Counter-defendants. | |

11612852.1

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

STATEMENT OF UNDISPUTED FACTS ........................................................................2

REQUEST FOR JUDICIAL NOTICE ................................................................................3

LEGAL STANDARD ............................................................................................................4

ARGUMENT ..........................................................................................................................4

I.  The Federal Foreclosure Bar Preempts Contrary State Law ..................................4

II. Fannie Mae Had a Protected Property Interest at the Time of the HOA Sale .......5

   A. Fannie Mae Had a Property Interest Under Nevada Law ............................6

   B. Fannie Mae's Property Interest Was Protected By the Federal Foreclosure Bar .......8

III. The Protection of Section 4617(j)(3) Extends to Fannie Mae When It Is Under FHFA's Conservatorship ..................................................................9

CONCLUSION .....................................................................................................................10

11612852.1

**INTRODUCTION**

Plaintiff Thunder Properties, Inc. alleges that it purchased the subject property at a homeowners' association foreclosure sale free and clear of a first deed of trust encumbering the property. At the time of that HOA foreclosure sale, Federal National Mortgage Association ("Fannie Mae") had a property interest in the deed of trust and the underlying collateral. Plaintiff contends that the HOA foreclosure sale extinguished the deed of trust under state law, but as this Court has already held in related cases, a federal statute prevents that outcome. *See, e.g.*, *LN Mgm't LLC Series 2543 Citrus Garden v. Gelgotas*, No. 2:15-cv-0112-MMD-CWH, 2016 WL 1071005, at *4-5 (D. Nev. Mar. 16, 2016).[1]

Specifically, a broad statutory "exemption" within the Housing and Economic Recovery Act of 2008 ("HERA") provides that while Fannie Mae is under the conservatorship of the Federal Housing Finance Agency, none of its property "shall be subject to . . . foreclosure . . . without the consent of [FHFA]." 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar"). The Federal Foreclosure Bar expressly precludes the involuntary extinguishment of Fannie Mae's property interest, and thus preempts the Nevada statute that grants HOAs a superpriority lien for uncollected dues, and allows a foreclosure sale on such a lien to extinguish all junior interests, including deeds of trust. *See* Nev. Rev. Stat. § 116.3116(2) ("State Foreclosure Statute"). Under the Supremacy Clause, the State Foreclosure Statute must yield, such that the HOA Sale did not extinguish Fannie Mae's interest.

---

[1] This holding follows the decisions by several other courts in this District to grant FHFA, Fannie Mae, and Federal Home Loan Mortgage Corporation ("Freddie Mac" and, with Fannie Mae, the "Enterprises") summary judgment in related cases. *See Skylights v. Byron*, 112 F. Supp. 3d 1145 (D. Nev. 2015); *Elmer v. Freddie Mac*, No. 2:14-cv-01999-GMN-NJK, 2015 WL 4393051 (D. Nev. July 14, 2015); *Premier One Holdings, Inc. v. Fannie Mae*, No. 2:14-cv-02128-GMN-NJK, 2015 WL 4276169 (D. Nev. July 14, 2015); *Williston Investment Grp., LLC v. JP Morgan Chase Bank, NA*, No. 2:14-cv-02038-GMN-PAL, 2015 WL 4276144 (D. Nev. July 14, 2015); *My Global Village, LLC v. Fannie Mae*, No. 2:15-cv-00211-RCJ-NJK, 2015 WL 4523501 (D. Nev. July 27, 2015); *1597 Ashfield Valley Trust v. Fannie Mae*, No. 2:14-cv-02123-JCM, 2015 WL 4581220 (D. Nev. July 28, 2015); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015); *Berezovsky v. Moniz*, No. 2:15-cv-01186-GMN-GWF, 2015 WL 8780198 (D. Nev. Dec. 15, 2015); *Opportunity Homes, LLC v. Freddie Mac*, No. 2:15-cv-008993-APG-GWF (D. Nev. Mar. 11, 2016) (Dkt. No. 39); *FHFA v. SFR Investments Pool 1, LLC*, No. 2:15-cv-1338-GMN-CWH, 2016 WL 2350121 (D. Nev. May 2, 2016).

1

11612852.1

In *Gelgotas*, this Court ruled in favor of Fannie Mae and FHFA's legal arguments but declined to grant them summary judgment pending a resolution of whether a post-HOA sale assignment of the deed of trust to Fannie Mae had a bearing on Fannie Mae's property interest at the time of the HOA Sale. The circumstances here differ from *Gelgotas* in that Fannie Mae was assigned the Deed of Trust before the HOA Sale. While FHFA and Fannie maintain that under either set of facts, Fannie Mae's ownership of a loan was sufficient for it to have a secured property interest under Nevada law, this case eliminates any doubt concerning that property interest because it is evidenced both by Fannie Mae's ownership of the Loan *and* Fannie Mae's status as beneficiary of record of the Deed of Trust at the time of the HOA Sale. The Court should thus grant FHFA and Fannie Mae's Motion for Summary Judgment.

## STATEMENT OF UNDISPUTED FACTS

*The Subject Property, Note, and Deed of Trust*

1. A deed of trust listing Kathleen J. Treadway as the Borrower and Wells Fargo as the Lender and beneficiary was executed December 19, 2005 and recorded February 6, 2006 (the "Deed of Trust"). **Exhibit A**. The Deed of Trust granted Lender a security interest in real property known as 481 Pine Meadows Drive, Unit 12F, Sparks, Nevada 89431 (the "Property") to secure the repayment of a reverse mortgage loan in the original amount of $268,500.00 to the Borrower (the "Treadway Loan"). *See id.*

2. Fannie Mae purchased the Treadway Loan on or about January 31, 2006, and thereby acquired ownership of the note and Deed of Trust. *See* **Exhibit B**, Declaration of John Curcio ¶ 4; **Exhibit C**, Declaration of Sherri McManus ¶ 3. Since that time, Wells Fargo has been Fannie Mae's contractually authorized servicer for the Treadway Loan. McManus Decl. ¶ 5. Fannie Mae never sold that ownership interest to any other entity and remains the owner of the Treadway Loan. Curcio Decl. ¶¶ 4-5; McManus Decl. ¶ 4.

3. On September 6, 2008, pursuant to HERA, FHFA's Director placed Fannie Mae and Freddie Mac into conservatorships.

2

11612852.1

4.      On October 24, 2014, Wells Fargo executed a Corporate Assignment of Deed of Trust, by which Wells Fargo assigned the Deed of Trust to Fannie Mae. **Exhibit D**. This Corporate Assignment of Deed of Trust was recorded on February 10, 2015. *Id.*

*The HOA Foreclosure Sale and Plaintiff's Purported Acquisition of the Property*

       5.      On June 3, 2014, Williamsburg Townehomes Homeowners Association (the "HOA"), recorded a Notice of Delinquent Assessment Lien. **Exhibit E**.

       6.      On July 17, 2014, the HOA recorded a Notice of Default and Election to Sell. **Exhibit F**.

       7.      On December 23, 2014, the HOA recorded a Notice of Sale setting the sale for February 12, 2015. **Exhibit G**.

       8.      On February 13, 2015, a Foreclosure Deed Upon Sale was recorded, stating that Plaintiff had prevailed at the homeowners association foreclosure sale ("HOA Sale") conducted on February 12, 2015 by the HOA with a bid of $20,700.00. **Exhibit H**.

       9.      At no time did the Conservator consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Deed of Trust. **Exhibit I**, FHFA's Statement on HOA Super-Priority Lien Foreclosures (Apr. 21, 2015), www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx.

## REQUEST FOR JUDICIAL NOTICE

Many of the preceding facts are supported by admissible evidence introduced by the testimony of a qualified witness; the remainder are judicially noticeable facts that are either "generally known" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

The facts derived from the publicly available records of the Washoe County Recorder are judicially noticeable. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 & n.1 (9th Cir. 2004) (court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201); *Harlow v. MTC Fin. Inc.*, 865 F. Supp. 2d 1095, 1097 (D. Nev. 2012) ("When ruling on a motion for summary judgment, the Court

3

1  may take judicial notice of matters of public record, including recorded documents"). Therefore,
2  FHFA requests that the Court take judicial notice of the publicly recorded documents cited in the
3  Statement of Undisputed Facts.

4        FHFA's statement regarding its policy not to consent to the extinguishment of Enterprise
5  property is available on a federal government website that is not subject to reasonable dispute. *See*
6  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Eagle SPE NV 1, Inc. v. S.*
7  *Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 985, 988 n.6 (D. Nev. 2014) (taking judicial notice of
8  document on FDIC website). Therefore, FHFA requests that the Court take judicial notice of the
9  document cited in Paragraph 9 of the Statement of Undisputed Facts.

10  ## LEGAL STANDARD

11        In evaluating a motion for summary judgment, courts must view all facts and draw all
12  inferences in the light most favorable to the nonmoving party. *See Amerson v. Clark Cty.*, 995 F.
13  Supp. 2d 1155, 1159 (D. Nev. 2014) (citing *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793
14  F.2d 1100, 1103 (9th Cir. 1986)). Summary judgment shall be granted if the moving party
15  demonstrates that the pleadings, depositions, answers to interrogatories, and admissions on file,
16  together with affidavits, if any, show that there is no genuine issue as to any material fact and the
17  moving party is entitled to judgment as a matter of law. *See Zoslow v. MCA Distrib. Corp.*, 693
18  F.2d 870, 883 (9th Cir. 1982).

19  ## ARGUMENT
20  **I.     The Federal Foreclosure Bar Preempts Contrary State Law**

21        The Federal Foreclosure Bar preempts any Nevada law, including the State Foreclosure
22  Statute, that would otherwise permit the HOA's foreclosure of its superpriority lien to extinguish
23  Fannie Mae's interest in the Property while Fannie Mae is under FHFA's conservatorship. Indeed,
24  courts in this District, including this Court, have repeatedly have held that the Federal Foreclosure
25  Bar expressly preempts the application of the State Foreclosure Statute under materially the same
26  facts as in this case. *See Gelgotas*, 2016 WL 1071005, at *4-5; *supra* at 1 n.1 (collecting cases).
27  ///
28

4

11612852.1

These rulings have relied on the theories of express and conflict preemption. A federal statute expressly preempts contrary law when it "explicitly manifests Congress's intent to displace state law." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1022 (9th Cir. 2013). This is the case here: the text of HERA declares that "[n]o property of the Agency shall be subject to levy, attachment, garnishment, foreclosure, or sale." 12 U.S.C. § 4617(j)(3). The Federal Foreclosure Bar automatically bars any nonconsensual limitation or extinguishment through foreclosure of any interest in property held by Fannie Mae while in conservatorship. All of these "adverse actions . . . could otherwise be imposed on FHFA's property under state law. Accordingly, Congress's creation of these protections clearly manifests its intent to displace state law." *Skylights*, 112 F. Supp. 3d at 1153. Therefore, the Federal Foreclosure Bar preempts the State Foreclosure Statute to the extent that the state statute otherwise would permit any such nonconsensual limitation or extinguishment.

The Federal Foreclosure Bar also preempts the State Foreclosure Statute because "'state law is naturally preempted to the extent of any conflict with a federal statute.'" *Valle del Sol*, 732 F.3d at 1023 (quoting *Crosby v. Nat'l Foreign Tr. Council*, 530 U.S. 363, 372 (2000)). "[U]nder the Supremacy Clause . . . any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield." *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 108 (1992) (internal quotations and citations omitted). Congress's clear and manifest purpose in enacting the Federal Foreclosure Bar was to protect the nationwide operations of the Enterprises while in conservatorship from actions, such as the HOA Sale, that otherwise would deprive them of their interests in property. *See Gelgotas*, 2016 WL 1071005, at *4-5. Accordingly, the Federal Foreclosure Bar preempts any state law that would authorize the HOA Sale to effect the nonconsensual extinguishment of Fannie Mae's interest in the Property and thereby permit the transfer to Plaintiff of an interest in the Property free and clear title of the Deed of Trust. *See id.*

**II.     Fannie Mae Had a Protected Property Interest at the Time of the HOA Sale**

Fannie Mae's protected property interest is confirmed both by the publicly recorded

5

11612852.1

1  documents for the Property as well as the business records of Fannie Mae and Wells Fargo. *See*
2  Curcio Decl.; McManus Decl.
3      Business records such as the data derived from Fannie Mae and Wells Fargo's loan
4  databases are admissible under Federal Rule of Evidence 803(6)'s commonly applied exception to
5  the hearsay rule. Under this rule, business records are deemed to have "unusual reliability . . .
6  supplied by systematic checking, by regularity and continuity which produce habits of precision,
7  by actual experience of business in relying upon them, or by a duty to make an accurate record as
8  part of a continuing job or occupation." Fed. R. Evid. 803 (1972 advisory committee notes).
9  Provided that such business records are introduced by a qualified witness, they are allowed to be
10 introduced as evidence for the truth of their contents. *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 53 (2d
11 Cir. 1993).
12     Indeed, this Court has held that business records introduced by a declaration similar to
13 those here were "properly authenticated" and that the Court could consider them in ruling on a
14 summary judgment motion. *Gelgotas*, 2016 WL 1071005, at *7. Unlike in *Gelgotas*, where the
15 Court declined to grant summary judgment because it had questions about the meaning of an
16 assignment of a deed of trust that post-dated the relevant HOA sale, *see id.*, here the only
17 assignment of the Deed of Trust, an assignment from Wells Fargo to Fannie Mae, preceded the
18 HOA Sale. Accordingly, all the evidence supports Fannie Mae's property interest at the time of
19 the HOA Sale.
20     **A.   Fannie Mae Had a Property Interest Under Nevada Law**
21     Fannie Mae had a secured property interest by virtue of its ownership of the Treadway
22 Loan at the time of the HOA Sale. Specifically, Fannie Mae acquired ownership of the Treadway
23 Loan on or about January 31, 2006, *see* Curcio Decl. ¶ 4; McManus Decl. ¶ 3. At no point did
24 Fannie Mae sell the Treadway Loan to another entity. *See* Curcio Decl. ¶¶ 4-5; McManus Decl.
25 ¶ 4. The original lender and beneficiary of record of the Deed of Trust, Wells Fargo, has served as
26 Fannie Mae's servicer during that time. McManus Decl. ¶ 5. While this type of property interest
27 need not be reflected in the publicly recorded documents in order to exist under Nevada law, here,
28

6

11612852.1

Fannie Mae *also* was beneficiary of record of the Deed of Trust at the time of the HOA Sale. Thus, there is no genuine issue of material fact concerning whether Fannie Mae had a protected property interest.

From the time it acquired the Treadway Loan, Fannie Mae had an ownership interest in both the note and the Deed of Trust. This conclusion is supported by the Restatement (Third) of Prop.: Mortgages, which describes the typical arrangement between investors in mortgage loans, such as Fannie Mae, and their servicers, and states that the investor's ownership interest is preserved even while its servicer might be the assignee of the mortgage. *See* Restatement (Third) of Prop.: Mortgages § 5.4 cmt c. (1997). The Restatement approach is a recognition of the realities of the mortgage industry: the Enterprises can support the national secondary mortgage market more efficiently if they can contract with servicers to manage loans without relinquishing ownership of deeds of trust.

The Nevada Supreme Court adopted this Restatement approach to the transfer and ownership of mortgages. *In re Montierth,* 354 P.3d 648 (Nev. 2015). *Montierth* held that a foreclosure on a mortgage could proceed when the noteholder was not the beneficiary named in the recorded deed of trust, so long as the named beneficiary had authority to foreclose on the noteholder's behalf. *Montierth*, 354 P.3d at 650-51. *Montierth* stated unequivocally that in those circumstances, a note owner remains "a secured creditor" under Nevada law, meaning that it retains a property interest in the collateral. *Id*. Accordingly, some other decisions in related cases have cited the Restatement approach to hold that Fannie Mae or Freddie Mac had a protected property interest while one of the Enterprises' servicers acted as beneficiary of record of the relevant deed of trust. *See Berezovsky*, 2015 WL 8780198, at *3 (adopting Restatement approach to hold that Freddie Mac had property interest protected by Federal Foreclosure Bar when its loan servicer was beneficiary of record); *FHFA v. SFR*, 2016 WL 2350121, at *6-7 (same, and granting FHFA and the Enterprises summary judgment with regard to five properties).

On October 24, 2014, Wells Fargo assigned the Deed of Trust to Fannie Mae, and this assignment was publicly recorded on February 10, 2015. *See* Ex. D. The assignment transferred

11612852.1

the derivative interest in the Deed of Trust Wells Fargo retained as Fannie Mae's servicer after having sold the Treadway Loan (including the Deed of Trust) to Fannie Mae. *See id.* As a result, Wells Fargo's interest as servicer and beneficiary of record of the Deed of Trust merged into Fannie Mae's primary interest as owner of the Treadway Loan and Deed of Trust. By the time of the HOA Sale on February 12, 2015, therefore, Fannie Mae was not only the *owner* of the note and the Deed of Trust, but also the *beneficiary of record* of the Deed of Trust. There can be no doubt that under these circumstances, Fannie Mae had a property interest.

### B. Fannie Mae's Property Interest Was Protected By the Federal Foreclosure Bar

Under federal law, Fannie Mae's ownership of the Treadway Loan qualifies as a protected property interest for purposes of the Federal Foreclosure Bar. Indeed, federal law defines the scope of property interests protected by statutes such as the Federal Foreclosure Bar broadly. *See Matagorda Cty. v. Russell Law*, 19 F.3d 215, 221 (5th Cir. 1994). Courts uniformly have held that mortgage liens constitute property for purposes of the analogous FDIC statute, 12 U.S.C. § 1825(b)(2).[2] "[T]he term 'property' in § 1825(b)(2) encompasses all forms of interest in property, including mortgages and other liens." *Simon v. Cebrick*, 53 F.3d 17, 20 (3d Cir. 1995); *see also S/N-1 REO Ltd. Liab. Co. v. City of Fall River*, 81 F. Supp. 2d 142, 150 (D. Mass. 1999) (same); *37 Huntington St., H, LLC v. City of Hartford*, 772 A.2d 633, 641 (Conn. 2001) (same).

This broad definition of property interests to be protected is well-founded in Congress's intent to provide the greatest possible scope of protection to Fannie Mae and Freddie Mac in the midst of a severe housing crisis. *Cf. Cambridge Capital Corp. v. Halcon Enterps., Inc.*, 842 F. Supp. 499, 503 (S.D. Fla. 1993) ("This Court need look no further than [Section 1825(b)(2)] itself to determine that Congress has expressed its intent that no property of the FDIC—fee or lien—be subject to foreclosure without the FDIC's consent."); *Trembling Prairie Land Co. v. Verspoor*, 145

---

[2] When analyzing HERA's provisions, courts have frequently turned to precedent interpreting the analogous receivership authority of the FDIC. *See, e.g.*, *Cty. of Sonoma v. FHFA*, 710 F.3d 987, 993 (9th Cir. 2013) (referring to the FDIC's statutory authority in a related area as "analogous to 12 U.S.C. § 4617(f)"); *In re Fed. Home Loan Mortg. Corp. Derivative Litig.*, 643 F. Supp. 2d 790, 795 (E.D. Va. 2009) ("[T]he Court is persuaded by decisions that have reached the same conclusion when interpreting [FIRREA], whose provisions regarding the powers of federal bank receivers and conservators are substantially identical to those of HERA."), *aff'd sub nom. La. Mun. Police Retirement Sys. v. FHFA*, 434 F. App'x 188 (4th Cir. 2011).

11612852.1

F.3d 686, 691 (5th Cir. 1998) ("In deference to the will of Congress, we hold that the tax sale at issue was conducted without the consent of the FDIC . . . [and] violated 12 U.S.C. § 1825(b)(2).").

Thus, foreclosure bars such as Section 4617(j)(3) and Section 1825(b)(2) prevent other lien holders from extinguishing protected property interests through foreclosure sales. *See Simon*, 53 F.3d at 20 (Section 1825(b)(2) "protect[s] the FDIC's mortgages from being extinguished without its consent through foreclosure"); *Donna Indep. School Dist. v. Balli*, 21 F.3d 100, 101 (5th Cir. 1994) (similar); *Beal Bank, SSB v. Nassau Cty.*, 973 F. Supp. 130, 133 (E.D.N.Y. 1997) ("The language of § 1825(b)(2) unequivocally prohibits the institution of collection techniques, including foreclosure, sale or levy with regard to property owned by the FDIC.").

Likewise, Fannie Mae's interest here—ownership of both the Deed of Trust and the note—was a protected property interest under the Federal Foreclosure Bar. That federal statute sets forth no other requirements for its protection to apply, as it unequivocally states that when Fannie Mae is under FHFA's conservatorship, none of its property "shall be subject to . . . foreclosure . . . without the consent of [FHFA]."

### III. The Protection of Section 4617(j)(3) Extends to Fannie Mae When It Is Under FHFA's Conservatorship

The Federal Foreclosure Bar necessarily protects the Deed of Trust because the Conservator has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges," 12 U.S.C. § 4617(b)(2)(A)(i). "Accordingly, the property of [Fannie Mae] effectively becomes the property of FHFA once it assumes the role of conservator, and that property is protected by section 4617(j)'s exemptions." *Skylights*, 112 F. Supp. 3d at 1155; *accord Elmer*, 2015 WL 4393051, at *3-4; *Premier One*, 2015 WL 4276169, at *3; *Williston*, 2015 WL 4276144 at *3-4; *My Global Village*, 2015 WL 4523501, at *4; *Berezovsky*, 2015 WL 8780198, at *3. This interpretation is supported by the text and structure of HERA. *See Skylights*, 112 F. Supp. 3d at 1155. Section 4617 concerns FHFA's "[a]uthority over" Fannie Mae and Freddie Mac when they are "critically undercapitalized" and thus must be placed into conservatorship or receivership. Furthermore, the protections of Section 4617(j)(3) apply in "any case in which [FHFA] is acting as a conservator or a receiver." 12 U.S.C. § 4617(j)(1).

9

11612852.1

1   Indeed, courts uniformly have rejected any argument that the immunities provided by
2   Section 4617(j) do not apply to the property of Fannie Mae or Freddie Mac while in FHFA
3   conservatorship.  *See Skylights*, 112 F. Supp. 3d at 1155 (collecting cases); *Nevada v. Countrywide*
4   *Home Loans Servicing, LP*, 812 F. Supp. 2d 1211, 1218 (D. Nev. 2011) ("while under the
5   conservatorship with the FHFA, Fannie Mae is statutorily exempt from taxes, penalties, and fines
6   to the same extent that the FHFA is"); *FHFA v. City of Chicago*, 962 F. Supp. 2d 1044, 1064 (N.D.
7   Ill. 2013) (argument is "meritless"); *accord Elmer*, 2015 WL 4393051, at *3-4; *Premier One*, 2015
8   WL 4276169, at *3; *Williston*, 2015 WL 4276144, at *3-4; *My Global Village*, 2015 WL 4523501,
9   at *4.  The courts have also rejected similar arguments in the context of FDIC receiverships.  *See*
10  *In re Cty. of Orange*, 262 F.3d 1014, 1020 (9th Cir. 2001) ("We also note that subsection (b)(2)
11  provides 'nor shall any involuntary lien attach to the property of the Corporation.'  That language's
12  plain meaning is that once the property belongs to the FDIC, that is, when the FDIC acts as
13  receiver, no liens shall attach") (emphasis omitted) (quoting 12 U.S.C. § 1825(b)(2)); *Cty. of*
14  *Fairfax v. FDIC*, Civ. A. No. 92-0858, 1993 WL 62247, at *4 (D.D.C. Feb. 26, 1993) (rejecting
15  contention that statutory penalty bar applicable to the FDIC as receiver, 12 U.S.C. § 1825(b)(3),
16  only "exempts the FDIC *itself* from penalty assessment but not the [financial institution] for which
17  the FDIC assumes receivership").

## **CONCLUSION**

19  Pursuant to the Federal Foreclosure Bar, the HOA Sale did not extinguish Fannie Mae's
20  interest in the Property and did not convey the Property to Plaintiff free and clear of the Deed of
21  Trust.  Both requirements for the Federal Foreclosure Bar's protection apply:  *First*, there can be
22  no dispute that Fannie Mae—and thus its Conservator, FHFA—had an interest in the Property at
23  the time of the HOA Sale.  *See supra* at 5-9.  *Second*, there can be no dispute that the Conservator
24  did not consent to the extinguishment of Fannie Mae's property interest through the HOA's non-
25  judicial foreclosure sale.  *See* Ex. I.  Absent the Conservator's consent, the Federal Foreclosure Bar
26  protected the Deed of Trust at the time of the HOA Sale, and Plaintiff's interest in the Property by
27  virtue of the HOA Sale is subject to the Deed of Trust.

10

11612852.1

1   Accordingly, FHFA and Fannie Mae respectfully requests that the Court grant its Motion
2   for Summary Judgment, grant judgment in FHFA and Fannie Mae's favor on FHFA and Fannie
3   Mae's declaratory relief and quiet title counterclaims and on Plaintiff's claims, and declare that:

- 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a superpriority lien to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship;
- the HOA Sale did not extinguish Fannie Mae's interest in the Property and thus did not convey the Property free and clear of the Deed of Trust to Plaintiff; and
- Fannie Mae's request for quiet title is granted insofar as any interest of the Plaintiff in the Property is subject to Fannie Mae's first secured interest in the Property.

DATED this 11th day of May, 2016.

**SNELL & WILMER L.L.P.**

By: /s/   Amy F. Sorenson
Amy F. Sorenson, Esq. (SBN 12495)
Richard C. Gordon, Esq. (SBN 9036)
Holly E. Cheong, Esq. (SBN 11936)
3883 Howard Hughes Pkwy, Suite 1100
Las Vegas, NV 89169
Tel:(702) 784-5200 Fax: (702) 784-5252
asorenson@swlaw.com;
rgordon@swlaw.com;
hcheong@swlaw.com

*Attorneys for Defendant Wells Fargo Bank, N.A. and Defendant/Counterclaimant Federal National Mortgage Association*

**FENNEMORE CRAIG, P.C.**

By:    /s/   Leslie Bryan Hart
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com
   and
**ARNOLD & PORTER LLP**
(*Pro Hac Vice*)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.

*Attorneys for Intervenor Federal Housing Financing Agency*

11

11612852.1

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 11th day of May, 2016, a true and correct copy of **FHFA AND FANNIE MAE'S MOTION FOR SUMMARY JUDGMENT** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Roger P. Croteau, Esq. - croteaulaw@croteaulaw.com

Timothy Rhoda, Esq. - croteaulaw@croteaulaw.com

William A. Baker, Esq. -   wbaker@wbrl.net

/s/   Pamela Carmon
An Employee of Fennemore Craig, P.C.

12

11612852.1